UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREEN BAY DIVISION

CASE NO.: 1:19-cv-370

LATASHA DAWSON AND MARY MANNEH,

        Plaintiffs,

vs.

PRIME CARE SERVICES, LLC,

        Defendant.

_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs, Latasha Dawson and Mary Manneh, for their Complaint against Prime Care Services, LLC state and allege as follows:

### SUMMARY

1. Prime Care Services, LLC (hereinafter "Defendant") required and/or permitted Latasha Dawson and Mary Manneh (hereinafter "Plaintiffs") to work in excess of forty hours per week but refused to compensate them properly for such hours.

2. Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. *See*, 29 U.S.C. § 207(a).

3. Plaintiffs, Latasha Dawson and Mary Manneh, are FLSA non-exempt workers who were not fully compensated for the overtime hours they worked, as required by law, for which they now seek recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, et seq. and 28 U.S.C. § 1331. The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of Wisconsin because Defendant engages in business here and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## THE PARTIES

6. Plaintiff, Latasha Dawson, is a resident of Appleton, Wisconsin.

7. Plaintiff, Mary Manneh, is a resident of Menasha, Wisconsin.

8. Defendant, Prime Care Services, LLC, is a domestic limited liability company operating in Wisconsin. Service of process may be had on Defendant's registered agent, Mustapha Suno, 2490 Jackson St., Unit 209, Oshkosh, WI 54901.

## COVERAGE

9. Defendant, Prime Care Services, LLC, is an enterprise that engages in commerce or in the production of goods for commerce.

10. Defendant acted, either directly or indirectly, in the interest of an employer with respect to the Plaintiff.

11. Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

12. Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

13. Upon information and belief, at all times material to this Complaint, Prime Care Services, LLC, has employees, including Plaintiffs, who handled goods or materials moved in interstate commerce, including, but not limited to: telephones and bed sheets, thus affording Plaintiffs the protections of the FLSA.

**FACTUAL ALLEGATIONS**

14. Defendant Prime Care Services, LLC is an assisted living company operating in Wisconsin.

15. Defendant employed Plaintiff, Latasha Dawson, as a house manager from on or about May 12, 2018 through on or about February 9, 2019 at an hourly rate of $13.25 per hour, which later increased to $16.00 per hour.

16. Plaintiff Dawson worked an average of eighty (80) to one hundred ten (110) hours per week for Defendant assisting elderly clients of Defendant's by preparing their meals, coordinating various activities, and maintaining the clients' homes.

17. Defendant employed Plaintiff, Mary Manneh, as a house manager from on or about November 20, 2017 through on or about February 15, 2019 at an hourly rate of $13.25 per hour, which later increased to $14.00 per hour.

18. Plaintiffs Manneh worked an average of fifty (50) to one hundred (100) hours per week for Defendant assisting elderly clients of Defendant's by preparing their meals, coordinating various activities, and maintaining the clients' homes.

19. During their employment with Defendant, Plaintiffs were suffered or permitted to over forty (40) hours in a workweek for Defendant without proper overtime compensation. Instead of compensating Plaintiffs their time-and-a-half overtime premiums, Defendant merely compensated Plaintiffs $10.00 per hour for all overtime hours worked.

20. By way of example, for the pay period covering December 30, 2018 through January 12, 2019 Plaintiff Dawson worked 134.32 hours. Defendant compensated Plaintiff Dawson her hourly rate of $16.00 per hour for the 80 regular hours and then compensated Plaintiff a mere $10.00 per hour for the 54.32 overtime hours Plaintiff worked. For this pay period alone, Defendant should have compensated Plaintiff a total of $1,303.68 in overtime premiums; however, Defendant only compensated Plaintiff $543.20.

## CAUSES OF ACTION
### I. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

21. Plaintiffs incorporate all allegations contained in the preceding paragraphs.

22. At all relevant times Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

23. Defendant's failure to pay the full amount of overtime compensation owed to Plaintiffs violates the FLSA.

24. Accordingly, Plaintiffs are entitled to proper compensation for overtime hours worked.

25. Additionally, Plaintiffs are entitled to an amount equal to their unpaid overtime wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

26. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described pursuant to 29 U.S.C. § 216(b).

27. Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

28. Plaintiffs are entitled to have the limitations period extended to three years because Defendant's actions were willful. 29 U.S.C. § 216(b).

### II. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW

29. Plaintiffs re-allege and incorporate paragraphs 1 through 20 as if fully set forth.

30. The foregoing conduct, as alleged, violates Wis. Stat. § 103.02, Wis. Stat. § 103.03, and Wis. Admin. Code § DWD 274.03.

31. Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03 require an employer to pay overtime compensation to all non-exempt employees.

32. During their employment with Defendant, Plaintiffs were paid an hourly wage, not a fixed salary.

33. During their employment with Defendant, Plaintiffs were suffered and permitted to work hours over forty (40) in a workweek for Defendant without proper overtime compensation.

34. As a result of Defendant's willful failure to pay overtime wages earned and due to Plaintiffs, it has violated Wis. Stat. §§102.03, 103.03, and Wis. Admin. Code § DWD 274.03.

35. Plaintiffs seek damages in the amount of the unpaid wage earned and due as provided by Wis. Stat. §§ 102.03, 103.03, and Wis. Admin. Code § DWD 274.03, recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant as provided by Wis. Stat. § 109.03(6), and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

5

Case 1:19-cv-00370-WCG   Filed 03/13/19   Page 5 of 6   Document 1

## PRAYER

WHEREFORE, Plaintiffs respectfully request judgment be entered in their favor awarding them:

A. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one- and one-half times their regular rates;

A. overtime wage compensation owed to them under Wis. Stat. §§102.03, 103.03 for the two-year time period prior to the commencement of this action;

B. an equal amount as liquidated damages as allowed under the FLSA;

C. damages accrued for a three-year period;

D. penalties due under Wis. Stat. § 109.11;

E. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA and Wis. Stat. § 109.03(6); and

F. pre-judgment and post judgment interest at the highest rates allowed by law; and such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: /s/ James M. Loren, Esq.
**James M. Loren**
**Attorney-in-charge**
FL Bar No.: 55409
George Z. Goldberg
FL Bar No.: 31186
1776 N. Pine Island Rd., Suite 224
Plantation, Florida 33322
Main Phone:   800-719-1617
Facsimile:     (954) 585-4886
jloren@goldbergloren.com
ggoldberg@goldbergdohan.com
*Attorneys for Plaintiff*