UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LATASHA DAWSON and
MARY MANNEH,

          Plaintiffs,

     v.                                            Case No. 19-C-370

PRIME CARE SERVICES, LLC, and
MUSTAPHA SUNO,

          Defendants.

**DECISION AND ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Latasha Dawson and Mary Manneh commenced this action against their former employer, Prime Care Services, LLC, and its managing member, Mustapha Suno, for failing to pay them overtime in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and various state law provisions. The Court has jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. This case is before the Court on Defendants' motion for summary judgment. Defendants assert that Plaintiffs are exempt from the overtime requirements of federal and state law because they are bona fide executives. Plaintiffs deny that they were bona fide executives because they were hourly, not salaried, employees. For the reasons that follow, Defendants' motion will be denied.

**BACKGROUND**

Prime Care Services provides assisted living services to adults who are unable to care for themselves. Defs.' Proposed Findings of Fact (DPFOF) ¶ 4, Dkt. No. 42. The company is owned

and managed by Mustapha Suno. *Id*. ¶ 2. Prime Care Services hired Plaintiffs as Resident Care Professionals (RCPs): Manneh was hired on November 27, 2017, and Dawson was hired on April 28, 2018. *Id*. ¶¶ 6, 10. Plaintiffs were compensated with a starting hourly wage of $11.00. *Id*. Manneh was promoted to the position of House Manager on February 11, 2018, and Dawson was promoted to the same position on May 21, 2018. *Id*. ¶¶ 7, 11. As part of their promotions, Plaintiffs signed employment agreements, which read, in part, as follows:

> Starting Pay: $27,560 Annually
>
> The position is a scheduled [sic] of 40 hours per week. This position is required to cover any open shift due to staff shortage, and or when a caregiver called-in or fall [sic] to show up to work for whatever reason.
>
> The above annual pay will be done in an hourly form and it is based on employee working 40 hours per week. The hourly pay in this case is $13.25/hr. Employee will only be paid for the hours worked, and if employee work [sic] hours less than 40 hours only the hours worked will be paid at the rate agreed.
>
> Any additional hours worked beyond 40 hours per week will be paid at the Prime Care Services average caregiver pay rate which is $10/hrs. This position is allowed to work more than 40 hours per week, but any additional hours to 40 hours per week will be paid at $10/hour.

Dkt. Nos. 49-1 at 1; 49-2 at 1.

Plaintiffs' duties as House Managers included supporting and directing the care and welfare of clients, ensuring services were delivered in compliance with state laws, assisting with management of home budgets, overseeing a team of RCPs, and filling in for RCPs as needed. DPFOF ¶¶ 13–14. Plaintiffs were also responsible for setting the schedules for themselves and the RCPs they managed. *Id*. ¶ 15. Generally, management duties accounted for over half of Plaintiffs' time, with the balance being spent performing RCP duties. *Id*. ¶ 18. Plaintiffs had significant levels of autonomy. Suno rarely supervised them in person and predominately checked in on them through phone and email communications. *Id*. ¶ 22.

Dawson resigned from Prime Care Services on February 1, 2019, and Manneh resigned on February 2, 2019. *Id*. at ¶¶ 8, 12. Dawson and Manneh subsequently filed this action seeking unpaid overtime wages.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and make all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

Under the FLSA, employers must compensate an employee who works more than forty hours per week "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). That requirement cannot be waived or bargained away by employees. *See Brooklyn Savings Bank v. O'Neill*, 324 U.S. 697, 706 (1945). Certain classes of employees are exempt from the overtime requirement, including employees "employed in a bona fide executive capacity." 29 C.F.R. § 541.100. The "time and a half" compensation requirement

3

does not apply to "any employee in a bona fide executive, administrative, or professional capacity."  29 U.S.C. § 213(a)(1).

Defendants assert that the "bona fide executive" exemption applies to both Plaintiffs.  An employer bears the burden of establishing that the employee is properly classified under the exemption by showing that (1) the plaintiff is paid on a salary basis, (2) the plaintiff's primary duty consists of management of the employer's enterprise, (3) the plaintiff customarily and regularly directs the work of two or more other employees, and (4) the plaintiff has the authority to hire or fire other employees or whose suggestions and recommendations regarding the hiring, firing, advancement, promotion, or any other change of status of other employees are given particular weight.  29 C.F.R. § 541.100; *see also Shaw v. Prentice Hall Computer Publ'g*, 151 F.3d 640, 642 (7th Cir. 1998).

Similarly, under Wisconsin law, an employer must pay overtime compensation to all non-exempt employees. Wis. Admin. Code § DWD 274.03.  Exemptions to the overtime payment rule, including the executive exemption, are detailed in Wis. Admin. Code § DWD 274.04.  "[T]hese exemptions shall be interpreted in such a manner as to be consistent with the Federal Fair Labor Standards Act and the Code of Federal Regulations as amended."  Wis. Admin. Code § DWD 274.04.

Plaintiffs assert that they were not exempt employees because they were not paid on a salary basis.  Instead, their pay rate fluctuated according to the number of hours they worked.  Under the FLSA, an employee is salaried if she "regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation . . . ." 29 C.F.R. § 541.602(a).  Although the employment agreement lists Plaintiffs' starting pay as $27,560 annually, it states that the "annual pay will be in hourly from" and that the employee will "only be paid for the hours worked."  Dkt. Nos. 49-1 at 1; 49-2 at 1.  If an employee

4

works less than forty hours, the agreement provides that "only the hours worked will be paid at the rate agreed." *Id.* Plaintiffs assert that their pay was reduced to a predetermined hourly rate of $13.25 per hour for any hours worked under forty hours per week. Defendants contend that the "very few pay periods" that Plaintiffs did not receive their base salary because they worked less than forty hours was the result of a payroll error that Defendants sought to correct. Defs.' Br. at 1, Dkt. No. 45. Defendants' attempt to pay Plaintiffs their base salary afterwards does not make up for the provision in the contract that explicitly states that "only the hours worked will be paid at the rate agreed," which is indicative of an hourly rate of pay. Dkt. Nos. 49-1 at 1; 49-2 at 1.

The contract also provided that Plaintiffs would be paid $10.00 per hour for hours worked in excess of forty hours. Defendants do not dispute that, under the employment agreement, if Plaintiffs chose to schedule themselves to work in excess of forty hours a week, Plaintiffs would be compensated at a pre-determined and agreed upon amount of $10.00 an hour. *See id.* As a result of this provision, as well, Plaintiffs were not paid a predetermined amount; instead, their pay fluctuated week-to-week based on the numbers of hours they worked. Accordingly, Defendants have failed to establish based on undisputed facts that the "bona fide executive" exemption applies in this case, and their motion for summary judgment must be denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Dkt. No. 41) is **DENIED**. The Clerk is directed to schedule a telephone conference to discuss further scheduling.

**SO ORDERED** at Green Bay, Wisconsin this 28th day of March, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
